# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM ROCKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 06-298-FHS-SPS |
| ) | |
| CHRIS WILSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the court on Defendant Chris Wilson's motion to dismiss and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's complaint [Docket #1], his brief in support of the complaint [Docket #3], the defendant's motion [Docket #17], and plaintiff's response [Docket #20].

Plaintiff, an inmate who is incarcerated at the Federal Correctional Complex in Forrest City, Arkansas, brings this action under the authority of 42 U.S.C. § 1983 seeking the return of $4,123.18 in United States currency. The defendant is Pittsburg County, Oklahoma, District Attorney Chris Wilson.

Plaintiff alleges that on October 5, 2003, he was riding a motorcycle in Pittsburg County, when Pittsburg County Deputy Sheriff Richard Sexton stopped him for a routine traffic stop. When Deputy Sexton asked plaintiff to empty his pockets, the contents included $4,123.18 in United States currency. Sexton told plaintiff there was a malfunctioning light on his motorcycle. He then patted down plaintiff, and placed him in handcuffs. Sexton put

his hand in plaintiff's front jacket pocket and pulled out a small bag containing a white powdery substance. Plaintiff was arrested and charged with Possession of Controlled Substance in Pittsburg County District Court Case No. CF-03-434. When he was released on bail, he notified the releasing agency of his address.

Plaintiff further alleges that on October 8, 2003, Defendant Pittsburg County District Attorney Chris Wilson filed an Application for Forfeiture of the currency in Pittsburg County District Court Case No. C-03-1219. Plaintiff filed an Answer, but he claims he was not notified of the trial date, so he was not present for that proceeding. The state district court entered an Order of Forfeiture, and the $4,123.18 was forfeited to the State of Oklahoma. On January 18, 2005, plaintiff was sentenced to the Federal Bureau of Prisons in a criminal proceeding in this federal district court. Defendant Wilson then filed and was granted a Motion to Dismiss Pittsburg County Case No. CF-03-434.

On July 8, 2005, plaintiff filed a Petition for Writ of Replevin in the state court, which was denied. The Oklahoma Court of Criminal Appeals declined jurisdiction of his appeal of the matter. Plaintiff alleges the confiscation and forfeiture of the currency was predicated on an illegal search and seizure, and the forfeiture violated his right of due process. He further claims that Defendant Wilson did not follow proper procedures in notifying plaintiff of the trial date for the forfeiture proceedings, when Wilson knew plaintiff's correct address. Plaintiff also complains he never was advised of the evidence presented by Wilson to establish the reason for the forfeiture, and he has been unable to obtain discovery material concerning this issue.

Defendant Wilson has filed a motion to dismiss, alleging plaintiff has failed to state a claim, because Wilson had no involvement in the search that resulted in the forfeiture.

Wilson asserts he did not conduct the search, was not present for the search, and had no control or authority over the arresting officer who did conduct the search. Instead, Wilson was the district attorney who handled plaintiff's prosecution and the civil forfeiture proceedings. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). The court finds plaintiff has failed to demonstrate Defendant Wilson's personal participation in the allegedly illegal search.

The record shows that on October 8, 2003, the State of Oklahoma filed an Application for Forfeiture of $4,123.18 found on plaintiff's person in close proximity to three small bags of methamphetamine and digital scales recovered from plaintiff's person at the time of his arrest. Plaintiff was personally served with the Application and Notice of Forfeiture, and he filed an Answer on December 1, 2003. On December 18, 2003, the State filed a Motion for Trial Setting of the civil forfeiture action and sent a copy of the motion to plaintiff's only known address. Plaintiff acknowledges that he received notice of the motion. The State's Motion for Trial Setting was heard on December 31, 2003, and the docket sheet indicates a trial date was scheduled for February 18, 2004. On January 28, 2004, plaintiff failed to appear for his criminal arraignment in Case No. CF-03-434, and a bench warrant was issued for his arrest. The State appeared for trial in the civil forfeiture on February 18, 2004, and plaintiff again failed to appear. The state district court heard evidence from the State in support of the Application for Forfeiture and granted the application on the day of trial. Plaintiff remained a fugitive until the summer or fall of 2004, when he was incarcerated in Hughes, County, Oklahoma, and ultimately charged and convicted in this federal district court. Because of plaintiff's federal conviction, the State dismissed the charges in Pittsburg

3

County Case No. CF-03-434.

Defendant Wilson maintains he is entitled to absolute immunity from suit for plaintiff's allegations of prosecutorial misconduct. A prosecutor possesses prosecutorial immunity from § 1983 lawsuits for damages which are predicated on his performance of functions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993). The court, therefore, finds Defendant Wilson is immune from this § 1983 lawsuit.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals has consistently held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous.

**Dated this 8th Day of February 2007.**

J4h4i0

*Frank H. Seay*
Frank H. Seay
United States District Judge
Eastern District of Oklahoma